# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# AT KANSAS CITY

| | |
|---|---|
| **THOMAS J. PAYSON, et al.** ) <br> On Behalf of Themselves and ) <br> All Others Similarly Situated ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> **CAPITAL ONE HOME LOANS, LLC** ) <br>  ) <br> Defendant. ) | Case no.: 07-CV-2282-JTM/DWB |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs and Defendant Capital One Home Loans, LLC ("COHL" or "Defendant"), through their respective counsel, hereby stipulate to the entry of this Protective Order for the protection of certain confidential and proprietary information which may be produced or otherwise disclosed during the course of this action.

This is a wage dispute arising under the Fair Labor Standards Act ("FLSA"), Kansas Minimum Wage Maximum Hour Law ("KMWMHL"), and the Kansas Wage Payment Act ("KWPA"). Plaintiffs allege that they are former Loan Consultants and Loan Processors and seek to recover alleged unpaid wages from COHL. Specifically, Plaintiffs claim that COHL's compensation practices violate the FLSA, KMWMHL, and KWPA in that COHL allegedly failed to pay Plaintiffs for overtime hours worked and allegedly wrongfully withheld monies from their compensation. These claims are brought as a Section 216(b) collective action and a Rule 23 class action respectively.

76695981.1

Defendant COHL provides mortgage lending services to customers nationwide and has a duty to maintain confidentiality of customer and employee information. Given the nature of the claims and parties, the types of information and documents that may be deemed confidential in this matter include, but are not limited to: (1) personal information regarding COHL's and/or its related companies' employees, including personnel files and compensation information, and (2) the manner in which COHL conducts it business operations, including budgeting, forecasting, and the collection of sensitive, private customer information, which information is not made known to the general public nor made available to COHL's competitors.

THEREFORE, the PARTIES having so stipulated, this Court having determined that a Protective Order is necessary and appropriate pursuant to the terms of Rule 26(c) of the Federal Rules of Civil Procedure, and the Court otherwise being fully advised in the premises;

IT IS HEREBY ORDERED as follows:

1. For the purposes of this Protective Order, the following definitions shall govern:

    (a) "PARTY" shall mean the named parties in the instant lawsuit, including all individuals who consent to be plaintiffs in this case, and all employees and agents thereof.

    (b) "CONFIDENTIAL INFORMATION" shall mean all information so designated by counsel in good faith which a party reasonably considers to be confidential personnel, proprietary, financial, or trade secret information, the disclosure of which would compromise the privacy interests of current or former employees and/or may adversely affect a party or its competitive position or business operations. For example, the parties intend that documents may be designated as "CONFIDENTIAL" which contain, by way of example, information regarding (a) COHL's customers, compensation agreements with its employees, and other proprietary information known only to COHL, and (b) personnel information of COHL's employees.

    (c) "COUNSEL" shall mean all attorneys of record in the above-captioned case.

2. All documents and information produced in this action that are designated as

"Confidential" or "Confidential Subject to Protective Order" shall be subject to the provisions of the Order. Upon the designation of any document as Confidential, all copies of such document then or at anytime thereafter in the possession or control of any party to this Order, from whatever source received, shall be subject to the provisions of this Order.

3. A PARTY desiring to have CONFIDENTIAL INFORMATION protected by this Protective Order must notify all others by stamping it "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" prior to disclosure. For multi-page documents, each page thereof must be stamped "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." The failure to stamp documents with "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" prior to disclosure as a result of mistake or oversight may be cured in accordance with Paragraph 14. Documents produced electronically also may be designated as Confidential by marking the CD or other computer media with the notation "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."

4. If a question arising at a deposition calls for an answer containing CONFIDENTIAL INFORMATION, or if the question contains CONFIDENTIAL INFORMATION, COUNSEL for the PARTY with an interest in protecting such CONFIDENTIAL INFORMATION shall, either at the deposition itself or within 30 days after the receipt of the transcript thereof, notify all COUNSEL of record that the information provided in such answer or question is considered CONFIDENTIAL and that the transcript or portion thereof reflecting such information shall be subject to the provisions of this Protective Order.

5. Nothing contained herein shall prevent a PARTY from contesting an opposing PARTY's designation of certain information as "CONFIDENTIAL." If a PARTY objects to the

designation of any information as "CONFIDENTIAL," COUNSEL for the objecting PARTY shall notify all COUNSEL of record of the objection. If disputes regarding the objection cannot be resolved by agreement, COUNSEL may move the Court for an order denying CONFIDENTIAL treatment to the information in question. If such a motion is filed, the document or information shall be kept CONFIDENTIAL pending ruling on the motion. The burden of establishing the confidentiality of any document shall be on the PARTY producing the document.

6. Any information disclosed pursuant to this Protective Order shall be used solely for the purposes of this lawsuit or appeal or to any dispute related to this lawsuit or appeal and may not be used, or disclosed, for any other purposes.

7. Except as otherwise directed by this Court, the documents and information produced by the PARTIES and protected by this Order shall be revealed only to: (a) PARTIES in this action (including officers and employees of any PARTY), (b) COUNSEL of record (including law firm employees) for the PARTIES in this action, (c) their experts or consultants, (d) non-party witnesses in the case, (e) the Court and Court personnel for any purpose the Court finds necessary, and (f) jurors and Court personnel at trial of Plaintiff's action against Defendant, as necessary for trial purposes.

8. With the exception of persons identified in subparts (a), (b), (e) and (f) of paragraph 7, no person entitled to access to protected documents or information under this Order shall be provided with the protected documents or information unless such individual has: (a) read the Order of this Court, and (b) completed and signed the affidavit attached hereto as Exhibit A. No person entitled to access to protected documents or information shall discuss the contents of any such materials with any other individual, except those individuals who are also permitted to view, inspect

or examine the materials protected herein.

9. All persons receiving CONFIDENTIAL INFORMATION produced pursuant to this Protective Order shall read this Order and be advised of those documents' CONFIDENTIAL nature. All persons to whom CONFIDENTIAL INFORMATION is disclosed are hereby enjoined from disclosing same to any other person except as provided herein, and are further enjoined from using same except for the purpose of prosecuting or defending this lawsuit.  No person receiving or reviewing such CONFIDENTIAL documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraphs 6 and 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

10. The receiving PARTY, COUNSEL, and any experts employed by the receiving PARTY or COUNSEL are strictly prohibited from disclosing CONFIDENTIAL INFORMATION to any individual not contemplated by the terms of this Protective Order absent a court order, subpoena, or the written consent of the originating PARTY.

11. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the PARTY filing such papers shall (1) file public pleadings or briefs and file supplements encompassing the CONFIDENTIAL INFORMATION with the clerk under seal; or (2) file documents containing both protectable and non-protectable information and redact the protectable portions to maintain secrecy.

12. No document containing CONFIDENTIAL INFORMATION may be filed under seal without leave of Court.  Any CONFIDENTIAL documents or information filed under seal, or any testimony associated with such documents or information, shall be held under seal unless the Court orders otherwise.   Upon termination of this action, the PARTIES may withdraw any

CONFIDENTIAL documents or information held under seal. Any CONFIDENTIAL documents or information held under seal which are not withdrawn by the PARTIES within 30 days after termination of this action will become part of the public record.

13. Any PARTY or member of the public may file a motion with the Court contesting a PARTY's right to file any document under seal. If an objection to filing a document under seal is made by a PARTY to this action, COUNSEL for the objecting PARTY shall first notify all COUNSEL of record of the objection. Only after such notification and a good faith attempt at resolution by agreement, may a PARTY move the Court for an order denying a PARTY's right to file a document under seal. Upon any motion filed pursuant to this paragraph, the document or information shall be kept under seal pending ruling on the motion.

14. Any failure to designate information as CONFIDENTIAL INFORMATION that was the result of mistake or oversight may be cured after the date of production by providing notice to the opposing party within a reasonable time after discovering the mistake or oversight and, to the extent reasonably possible, all others bound by the terms of this Protective Order. Upon receipt of such notice, such individuals shall immediately take action to maintain and restrict the use of such information in accordance with the terms of this Protective Order.

15. Nothing herein shall be construed as a waiver of any PARTY's right to object to the production or admissibility, at trial or hearing, of any evidence or testimony based upon any grounds other than confidentiality. Moreover, nothing herein shall be construed as a limitation on the originating PARTY's right to use or disclose its own information as it sees fit without the prior consent of the opposing PARTY or the Court notwithstanding its designation as "CONFIDENTIAL" for this matter.

16. Procedures for utilizing and disclosing information designated as "CONFIDENTIAL" during trial shall be discussed and agreed upon by the PARTIES prior to the submission of the Final Pre-Trial Order and, if necessary, incorporated therein.

17. Upon termination of this litigation, whether by final judgment and appeal, or by settlement, all materials and documents designated as CONFIDENTIAL INFORMATION, as well as all copies, summaries, and abstracts thereof, shall be destroyed and/or kept CONFIDENTIAL by the PARTIES.

18. It is recognized by the PARTIES to this Order that Defendants shall provide certain discovery pertaining to potential collective action (class) members that Defendant contends are confidential information, including names and contact information for such individuals. The CONFIDENTIAL INFORMATION referred to above shall not be used for any purpose other than those authorized by this Order and, in addition, shall not be used to issue notice of their right to join this litigation to these (or other) potential collective action (class) members unless authorized by order of the court. Nothing in this paragraph, however, shall preclude Plaintiffs' counsel from contacting these potential collective action (class) members, in any manner, other than by sending a notice of their right to join this litigation.

19. This Stipulated Protective Order may be modified or amended by further stipulation between the PARTIES and/or order of the Court for good cause shown.

PURSUANT TO STIPULATION, IT IS SO ORDERED:

Dated: October 10, 2007

                                  s/ DONALD W. BOSTWICK
                                  Donald W. Bostwick
                                  U.S. Magistrate Judge

Respectfully submitted,

**The Law Office of Michael Brady**

| | |
|---|---|
| */s/ Michael F. Brady* | */s/ Brendan J. Donelon* |
| Michael F. Brady, KS#18630 | Brendan J. Donelon, KS #17420 |
| Michael A. Hodgson, KS #21331 | 802 Broadway, 7th Floor |
| 10901 Lowell Avenue, Suite 280 | Kansas City, Missouri 64105 |
| Overland Park, KS 66210 | Tel:   (816) 221-7100 |
| Tel:  (913) 696-0925 | Fax:   (816) 472-6805 |
| Fax:  (913) 696-0468 | brendan@donelonpc.com |
| brady@mbradylaw.com | |
| mhodgson@mbradylaw.com | |

**ATTORNEYS FOR PLAINTIFFS**

-and-

| | |
|---|---|
| Steven T. Catlett, IL #6269229 | */s/ Jennifer C.  Webb* |
| Giselle M. Perez, IL #6283732 | Brian J. Finucane, KS #70154 |
| **Paul, Hastings, Janofsky & Walker LLP** | Jennifer C. Webb, KS #19855 |
| 191 N. Wacker Drive, 30th Floor | Fisher & Phillips LLP |
| Chicago, IL 60606 | The Stilwell Building, Suite 400 |
| Tel:  (312) 499-6000 | 104 W. 9th Street |
| Fax:  (312) 499-6100 | Kansas City, MO 64105 |
| stevencatlett@paulhastings.com | Tel:  (816) 460-0201 |
| giselleperez@paulhastings.com | Fax:  (816) 842-8767 |
| | jwebb@laborlawyers.com |

**ATTORNEYS FOR DEFENDANT, CAPITAL ONE HOME LOANS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October, 2007, I electronically filed the foregoing **Stipulated Protective Order** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys for Plaintiffs at their e-mail addresses on file with the Court:

>Brendan J. Donelon (KS #17420)
>Donelon, P.C.
>802 Broadway, 7th Floor
>Kansas City, Missouri  64105
>Tel:   (816) 221-7100
>Fax:  (816) 472-6805
>E-Mail:  brendan@donelonpc.com
>
>Michael F. Brady (KS #18630)
>The Law Offices of Michael F. Brady
>10901 Lowell Avenue, Suite 280
>Overland Park, Kansas  66210
>Tel:   (913) 696-0925
>Fax:  (913) 696-0468
>E-Mail:  brady@mbradylaw.com
>
>Michael A. Hodgson (KS #21331)
>The Law Offices of Michael F. Brady
>10901 Lowell Avenue, Suite 280
>Overland Park, Kansas  66210
>Tel:   (913) 696-0925
>Fax:  (913) 696-0468
>E-Mail:  mhodgson@mbradylaw.com

>/s/ Jennifer C. Webb
>One of the Attorneys for Defendant
>CAPITAL ONE HOME LOANS, LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# AT KANSAS CITY

| | |
|---|---|
| **THOMAS J. PAYSON, et al.** ) | |
| On Behalf of Themselves and ) | |
| All Others Similarly Situated ) | |
| ) | |
| Plaintiffs, ) | Case no.: 07-CV-2282-JTM/DWB |
| ) | |
| v. ) | |
| ) | |
| **CAPITAL ONE HOME LOANS, LLC** ) | |
| ) | |
| Defendant. ) | |

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I, _____, the undersigned, hereby acknowledge that I have received a copy of the Agreed Protective Order ("Order") entered in this action, which is attached hereto as Exhibit 1, have read the Order and agree to be bound by all of the provisions in it.  I recognize that during my participation in this case, I may have occasion to read or hear matters which are designated "Confidential - Subject to Protective Order."  I agree not to disclose any such confidential matter to any person not entitled to receive disclosure of same under the provisions of such Order and to use any such confidential matter solely in connection with my participation in this case.  I also agree to return to counsel for Capital One, in accordance with the Order, any such confidential materials, including all copies, as soon as my participation in the case is concluded.

Dated:_____        _____
                                                                              Signature

                                                                              _____
                                                                              Printed Name

76695981.1