**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**AT KANSAS CITY**

| | | |
|---|---|---|
| **THOMAS J. PAYSON, LETY M. RAMIREZ,** | ) | |
| **CHANNA CLEMENS, JIM SCHMIDT, and** | ) | |
| **STEPHANIE SMITH, On Behalf of Themselves** | ) | |
| **and All Others Similarly Situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  07-CV-2282-JTM/DWB** |
| | ) | |
| **CAPITAL ONE HOME LOANS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**STIPULATION AND ORDER**
**REGARDING PRESERVATION OF DOCUMENTS**

Pursuant to Rules 16, 26, and 29 of the Federal Rules of Civil Procedure, the parties hereby stipulate and agree as follows:

1.      For purposes of this Stipulation and Order, the following definitions shall apply:

a.      "Documents" shall mean any writing, drawings, graphs, photographs, phonorecords, e-mails, and other data compilations from which information can be obtained, including electronic data.  This definition is intended to encompass the same scope of documents as Rule 34 of the Federal Rules of Civil Procedure.  Documents shall not include, however, the Lead Manager system, the Mortgageware system, surveillance tapes, voice mail recordings, or customer call recordings that are not normally preserved in the ordinary course of business or for time periods beyond which they are normally preserved in the ordinary course of business.

b.      "Plaintiffs" shall mean Thomas J. Payson, Lety M. Ramirez, Channa Clemens, Jim Schmidt, and Stephanie Smith.

c.      "Defendant" shall mean Capital One Home Loans, LLC ("COHL").

d.      "Loan Consultant" shall mean employees of Defendant with the job title of Loan Consultant or Loan Officer from June 29, 2004 to the present.

e.       "Loan Processor" shall mean employees of Defendant with the job title of Loan Processor, Jr. Loan Processor, and Senior Loan Processor from June 29, 2004 to the present.

f.      "Loan Closer" shall mean employees of Defendant with the job title of Loan Closer from June 29, 2004 to the present.

2.      Plaintiffs and Defendant agree that, during the pendency of this litigation, they each shall take all reasonably necessary steps to preserve all documents relevant to the subject matter of this litigation.  To facilitate compliance with this preservation effort, the parties agree that Defendant shall take all steps reasonably necessary to retain the following categories of documents to the extent that they exist as of the date the parties execute this Stipulation and Order:

a.      All computerized payroll, compensation, and personnel databases with any of the following categories information about the Loan Consultants, Loan Processors, or Loan Closers:  commission or bonus calculations; overtime payment; hours worked; overtime hours worked; compensation earned; deductions from compensation, including from commissions or bonuses; and job duties.

b.      All personnel files of all Loan Consultants, Loan Processors, or Loan Closers.

c.      All centrally-maintained training materials relating to Loan Consultants', Loan Processors', or Loan Closers' job duties, but not including copies of the training manuals of individual Loan Consultants, Loan Processors, or Loan Closers in those persons' possession.

d.      All documents explaining the calculation of commissions or bonuses for

Loan Consultants, Loan Processors, or Loan Closers.

    e.  All manuals, guidelines, handbooks, or policy documents about Defendant's employment practices or policies since June 2004, to the extent they still exist.

    3.  Plaintiffs and Defendant met and conferred on an agreed list of key words listed in Exhibit A (the "Key Word List") that will be used for retention, review, and production of responsive documents from Defendant's e-mail system for the custodians listed on Exhibit B (the "Preservation Group").  The parties agree that Defendant's use of that final list for preservation, review, and production of Defendant's e-mail for the Preservation Group shall constitute full compliance with Defendant's discovery obligations and this Stipulation and Order; provided, however, that Defendant shall restrict the initial review and production to the Preservation Group designated on Exhibit B with an asterisk.  The parties understand and agree that:  (i) the initial collection of the e-mail of the Preservation Group shall be accomplished by Defendant's IT personnel using Microsoft ExMerge; (ii) from the date of this initial collection until such time as the parties agree or the Court orders that this retention protocol change, Defendant shall preserve e-mail of the Preservation Group by extracting the Preservation Group's email on a weekly basis using Microsoft ExMerge and storing these e-mails in a separate PST file located in a directory of the Defendant's exchange server; (iii) future review and production of the e-mail preserved pursuant to Paragraph 3(ii) shall be as mutually agreed by the parties or as ordered by the Court; and (iv) other than the preservation, review, and production obligations specified in this paragraph, which the parties expressly agree fully satisfy Defendant's discovery obligations with respect to e-mail, Defendant may resume its normal business practices with respect to retaining e-mail, including automatic deletion of e-mail every 15 months and rotation and overwriting of back-up tapes on a monthly basis.

    4.  Defendant agrees to take all steps reasonably necessary to notify all appropriate

personnel of the obligations of this Stipulation and Order, including the following:  (i) COHL

Officers; (ii) Senior Loan Officers or Managers; (iii) Senior Director, HR Consulting;

(iv) Director, HR Consulting; (v) VP, Financial; (vi) Senior Manager, Financial Analyst; and

(vii) IT Manager.  Such notification shall occur within seven (7) days of the agreement to this

Stipulation and Order, and again no less often than every six (6) months during the pendency of

this litigation.  The parties agree that the following constitutes the taking of all steps reasonably

necessary to provide the notice required by this paragraph:  sending a hard copy of a

memorandum setting out the retention obligations in this Stipulation and Order to the personnel

listed in this Paragraph 4, and taking reasonably practicable steps to incorporate the obligations

of this Stipulation and Order in training and orientation programs for new members of

management who would have document retention obligations under this Stipulation and Order.

The personnel identified in this Paragraph 4 shall be instructed to inform other appropriate

personnel of the obligations of this Stipulation and Order.  Defendant shall also suspend its

current written document retention requirements to the extent those requirements are inconsistent

with this Stipulation and Order.

     5.     Nothing in this Stipulation and Order shall be considered in determining the

proper scope of discovery in this litigation, and the parties expressly acknowledge that their

agreement to this Stipulation and Order shall not be considered to be an agreement that the

delineated categories of documents are properly discoverable nor to be a waiver of any objection

to any request for discovery of or relating to the categories of documents delineated in this

Stipulation and Order.

6.      Nothing in this Stipulation and Order shall be construed as an admission that any of the delineated categories of documents are currently in existence or that failure to retain said documents prior to the entry of the Stipulation and Order was in any way improper or inappropriate.  Nothing in this Stipulation and Order shall be considered to relieve Defendant from any obligation to preserve records imposed by law prior to the entry of this Stipulation and Order.

7.      The parties agree that, prior to seeking any involvement of or relief from the Court, their counsel will meet and confer in the event one of them seeks any modification of this Stipulation and Order, or to attempt to resolve any questions or concerns that arise relating to this Stipulation and Order, including any question concerning what documents are outside the scope of this Stipulation and Order.  If counsel are unable to resolve their questions or concerns, any party may seek clarification of or relief from this Stipulation and Order from the Court.

8.      Except as otherwise provided by law, the parties acknowledge and agree that any documents outside the scope of this Stipulation and Order may be handled in accordance with the usual document retention practices of Defendant.


PURSUANT TO STIPULATION, IT IS SO ORDERED:


Dated:  December 19, 2007

                                    _s/   DONALD W. BOSTWICK_____
                                    Donald W. Bostwick
                                    U.S. Magistrate Judge

Respectfully submitted,


**The Law Office of Michael Brady**

the law office of **DONELON, P.C.** www.donelonpc.com


*/s/ Michael F. Brady*                              */s/ Brendan J. Donelon*
Michael F. Brady, KS#18630                Brendan J. Donelon, KS #17420
Michael A. Hodgson, KS #21331           802 Broadway, 7th Floor
10901 Lowell Avenue, Suite 280           Kansas City, Missouri 64105
Overland Park, KS 66210                      Tel:    (816) 221-7100
Tel:  (913) 696-0925                            Fax:    (816) 472-6805
Fax:  (913) 696-0468                            brendan@donelonpc.com
brady@mbradylaw.com
mhodgson@mbradylaw.com


**ATTORNEYS FOR PLAINTIFFS**

-and-


*/s/ Steven T. Catlett*                            */s/ Jennifer C. Webb*
Steven T. Catlett, IL #6269229             Brian J. Finucane, KS #70154
Giselle M. Perez, IL #6283732             Jennifer C. Webb, KS #19855
**Paul, Hastings, Janofsky & Walker LLP**   **Fisher & Phillips LLP**
191 N. Wacker Drive, 30th Floor           The Stilwell Building, Suite 400
Chicago, IL 60606                              104 W. 9th Street
Tel:  (312) 499-6000                           Kansas City, MO 64105
Fax:  (312) 499-6100                           Tel:  (816) 460-0201
stevencatlett@paulhastings.com          Fax:  (816) 842-8767
giselleperez@paulhastings.com           bfinucane@laborlawyers.com
                                                      jwebb@laborlawyers.com


**ATTORNEYS FOR DEFENDANT, CAPITAL ONE HOME LOANS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of December, 2007, I electronically filed the

foregoing **Stipulation and Order Regarding Preservation of Documents** with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the following

attorneys for Plaintiffs at their e-mail addresses on file with the Court:

> Brendan J. Donelon (KS #17420)
> Donelon, P.C.
> 802 Broadway, 7th Floor
> Kansas City, Missouri  64105
> Tel:  (816) 221-7100
> Fax:  (816) 472-6805
> E-Mail:  brendan@donelonpc.com
>
> Michael F. Brady (KS #18630)
> The Law Offices of Michael F. Brady
> 10901 Lowell Avenue, Suite 280
> Overland Park, Kansas  66210
> Tel:  (913) 696-0925
> Fax:  (913) 696-0468
> E-Mail:  brady@mbradylaw.com
>
> Michael A. Hodgson (KS #21331)
> The Law Offices of Michael F. Brady
> 10901 Lowell Avenue, Suite 280
> Overland Park, Kansas  66210
> Tel:  (913) 696-0925
> Fax:  (913) 696-0468
> E-Mail:  mhodgson@mbradylaw.com

> /s/ Jennifer C. Webb
> One of the Attorneys for Defendant
> CAPITAL ONE HOME LOANS, LLC

**EXHIBIT A**

**KEY WORD LIST**

1. Overtime
2. OT
3. FLSA
4. Fair Labor Standards Act
5. Audit
6. Lawsuit
7. Exempt
8. Non-exempt
9. Draw
10. Esmart Loan
11. Payson
12. Ramirez
13. Schmidt
14. Clemens
15. Hits
16. Manager's Pool
17. MP

**EXHIBIT B**

## PRESERVATION GROUP

1.  Sean Dunn
2.  Lance Melber *
3.  Greg Owens *
4.  Nancy Hofstetter
5.  Trina Flynn *
6.  Jay Listisen *
7.  Vicki Ronnebaum *
8.  Scott Speers
9.  John Bohde
10. Chad Cronk
11. John Glenn
12. Kevin Lassard
13. William Male
14. John McKim
15. Joshua Zacharias
16. Sunanda Desai*