IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS J. PAYSON,<br>LETY M. RAMIREZ,<br>CHANNA CLEMENS,<br>JIM SCHMIDT<br>On Behalf of Themselves and All Other<br>Similarly Situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>CAPITAL ONE HOME LOANS, LLC<br><br>        Defendant. | Case No. 07-2282-JTM |

**MEMORANDUM AND ORDER**

Presently before the court is Defendant Capital One Home Loans, LLC's (Capital One) motion to dismiss Count III of plaintiffs Thomas J. Payson, Lety M. Ramirez, Channa Clemens, and Jim Schmidt's (plaintiffs) second amended complaint (Dkt. No. 14). For the reasons stated below, the motion is granted.

**I.  Factual Background**

Plaintiffs, employees working as loan consultants for defendant Capital One, initiated a four-count complaint alleging claims under the Fair Labor Standards Act (FLSA) and, in Count III, an alternative Rule 23 class action claim for overtime compensation to be paid under the Kansas Minimum Wage Maximum Hours Law (KMWMHL). Capital One moves to dismiss the KMWMHL claim pursuant to Rule 12(b)(6), arguing that by its terms, the KMWMHL does not

apply to employers subject to the provisions of the FLSA and thus, Count III fails to state a claim upon which relief can be granted.

## II.  Legal Standard and Analysis

A court can dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Accordingly, if the plaintiff has pled facts that would support a legally cognizable claim for relief, then a motion to dismiss should be denied.

Capital One argues that it is entitled to relief under 12(b)(6) because, as an employer subject to the FLSA, it does not fall within the statutory definition of "employer" under the KMWMHL, thus making the KMWMHL inapplicable.  The KMWMHL, which is the Kansas state counterpart to the FLSA provides, in part:

> "Employer" means any individual, partnership, association, corporation, business trust or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, ***but shall not include any employer who is subject to the provisions of the fair labor standards act*** of 1938 (29 U.S.C.A. § 201 et seq.) and any other acts amendatory thereof or supplemental thereto.

Kan. Stat. Ann.        § 44-1202(d) (emphasis added).  From the plain language of the statute, it appears that Capital One is not covered by the KMWMHL.

Nonetheless, the plaintiffs argue that the Kansas Supreme Court has interpreted this statute in a way that makes it applicable to this case. In *Dollison v. Osborne County*, 737 P.2d 43 (Kan. 1987), a discharged county employee brought action against the county for overtime pay and termination benefits.  737 P.2d at 45.  The trial court granted the plaintiff's claim for termination benefits and denied his claim for overtime pay; both parties subsequently appealed.

2

*Id.* On appeal, the plaintiff contended that the failure of the county to pay overtime wages was a violation of the KMWMHL, and the court held that the Kansas law and the FLSA were not coextensive and, if an employee is excluded from the protection of the FLSA, he would not necessarily be excluded from the protection of the KMWMHL, unless exempted by state law. *Id.* at 48.

Although it is true that this court should turn to the Kansas Supreme Court's interpretation of Kansas law, *Dollison* is factually distinguishable from the case at hand. *Dollison* involved a municipality that argued it was bound by neither the FLSA nor the KMWMHL because of certain exemptions found in the statutes. Here, Capital One concedes that it is subject to the FLSA, and therefore poses an entirely different issue than the issue that was present in *Dollison*. Thus, *Dollison's* interpretation of the KMWMHL as it applies to FLSA is rather narrow, and should not be used as the ultimate black and white guide to be used when considering the two statutes together.

Likewise, plaintiff's reliance on *Clements v. Emery Worldwide Airlines, Inc.*, 44 F. Supp. 2d 1141 (D. Kan. 1999) is also misplaced. *Clements* was a diversity case in which the defendant argued that it was not an employer under KMWMHL. 44 F. Supp. 2d at 1143. In that case, the court noted that although the plain language of the KMWMHL seemed to exempt the defendant from it, the Kansas Supreme Court's interpretation of the statute made it applicable. *Id.* at 1147. The court noted that the *Dollison* court's interpretation of KMWMHL made it clear that "even though the defendant may be exempt from paying overtime under the FLSA, it is still required to pay the overtime under Kansas law." *Id.*

The issue presented in *Clements*, however, is distinguishable from the case at hand. *Clements* dealt with purported exemptions to the FLSA and the translation of those exemptions to the KMWMHL. The present case, however, deals with simply whether an employer who admits that it is subject to the FLSA is exempted from the KMWMHL in accordance with the plain terms of the statute.

Because *Dollison* and *Clements* are distinguishable from the case at hand, this court will rely on the plain language of the statute. Based on that plain language, the KMWMHL clearly exempts employers who are subject to the FLSA. Accordingly, Count III of the amended complaint cannot stand, and it is hereby dismissed.

IT IS ACCORDINGLY ORDERED this 24th day of March, 2008, that the defendant's motion to dismiss Count III of plaintiffs' second amended complaint is granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE