## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

THOMAS J. PAYSON,
LETY M. RAMIREZ,
CHANNA CLEMENS,
JIM SCHMIDT
STEPHANIE SMITH
On Behalf of Themselves and All Other
Similarly Situated,

                    Plaintiffs,

          vs.                                    Case No. 07-2282-JTM

CAPITAL ONE HOME LOANS, LLC
A Delaware Corporation
CAPITAL ONE SERVICES, INC.

                    Defendants.

## MEMORANDUM AND ORDER

Presently before the court is plaintiffs' motions to certify class conditionally under 216(b)

of the FLSA for loan consultants and loan processors (Dkt. No. 48) and for loan closers (Dkt. No.

108).  For the following reasons, the court grants the motion.

### I.  Factual Background

Plaintiffs, employees working as loan consultants for defendant Capital One Home Loans

(COHL), initiated a four-count complaint alleging claims under the Fair Labor Standards Act

(FLSA) and, in Count III, an alternative Rule 23 class action claim for overtime compensation to

be paid under the Kansas Minimum Wage Maximum Hours Law (KMWMHL).  On July 25,

2007, plaintiffs filed a Third Amended Complaint, which included a collective action claim

under FLSA for overtime on behalf of all loan consultants, as well as a similar claim for all loan

processors.  On November 20, 2007, plaintiffs filed a Fourth Amended Complaint (Dkt. No. 55),

which added the FLSA overtime claim for loan closers.

On November 16, 2007, plaintiffs filed their motion for conditional certification of class

claims under 316(b) of the FLSA for loan consultants and loan processors (Dkt. No. 48).

Attached to the supporting memorandum (Doc. 49) were sworn statements of Plaintiffs Thomas

Payson, Jim Schmidt, Lety Ramirez, Channa Clemens, and the sworn statement of Stephanie

Smith (Ex's E, I, J, Docs. 49-3, 49-5, and 49-6).  Plaintiffs also included sworn responses to a

questionnaire from certain loan consultants who have opted into this action (Ex F, Doc. 49-4), as

well as Lance Carl Melber's October 30, 2007, deposition transcript (Ex. A, Doc. 49-2).

Plaintiffs also filed additional items under seal in support of the motion.  On February 12, 2008,

Plaintiffs filed their motion for conditional class certification under 216(b) of the FLSA for loan

closers (Dkt. No. 108).   Defendants filed their response on February 29, 2008,  to all the pending

motions for class certification regarding loan consultants, loan processors, and loan closers (Dkt.

No. 133).  Plaintiffs replied on March 12, 2008 (Dkt. No. 145), and thus the motions are ripe and

ready for determination.

## II.  Conditional Certification

### *1.  Legal Standard and Analysis*

Plaintiffs seek conditional certification of a collective action pursuant to 29 U.S.C. §

216(b), which provides, in part, "[a]n action . . . may be maintained against an employer . . . by

any one or more employees for and on behalf of himself or themselves and other employees

-2-

similarly situated."  29 U.S.C.§ 216(b).  The key inquiry is whether the opt-in plaintiffs are

"similarly situated."  Although the FLSA does not define the phrase "similarly situated," the

Tenth Circuit has adopted an *ad hoc* method for determining whether plaintiffs are similarly

situated under § 216(b).  *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir.2001).

Under this approach, the court determines whether members of the putative class are similarly

situated utilizing a two-step process.  *Id.*  At the initial "notice stage," the Court determines

whether a collective action should be certified for purposes of sending notice of the action to

potential opt-in plaintiffs.  *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 679

(D.Kan.2004). At this stage, the court requires nothing more than "substantial allegations that the

putative class members were together the victims of a single decision, policy, or plan." *Thiessen*,

267 F.3d at 1102 (citations and quotations omitted).  By this determination, the court decides

whether a collective action should be certified for purposes of sending notice of the action to

potential class members.  *Money Tree*, 222 F.R.D. at 679.  The certification standard at the notice

stage is lenient, and usually results in class certification.  *Id.*

Under the second step initiated at the close of discovery, the court utilizes a stricter

standard of "similarly situated" which requires evaluation of several factors, including (1)

disparate factual and employment settings of plaintiffs, (2) various defenses available to

defendants that appear to be individual to each plaintiff, (3) fairness and procedural

considerations.  *Money Tree*, 22 F.R.D. at 679.

Plaintiffs argue that certification should be granted under the more lenient standard

because despite the fact that some discovery has taken place, it is not yet finished.  Further,

plaintiffs argue that they have set forth sufficient evidence that all the loan consultants, loan

processors, and loan closers performed the same respective duties and were covered by the same respective pay policies at Capital One Home Loans (COHL).  Defendants argue that the court should apply the heightened certification standard at the notice stage because the plaintiffs have engaged in extensive pre-certification discovery.  In support of this argument, defendants cite a series of cases from outside the Tenth Circuit.  Defendants also argue that plaintiffs are not similarly situated to the class members that they purport to represent.

Presently, the court is concerned only with the initial stage of certification.  Significant discovery has taken place in this case, but it is not yet complete.  Thus, the heightened standard that properly attaches at the close of discovery does not apply here.  Courts have repeatedly held that at the notice stage of certification, a court need only consider the substantial allegations of the complaint along with any supporting affidavits or declarations.  *See, e.g., Theissen*, 267 F.2d at 1102.  Although this case is somewhat unique because of the discovery that has occurred during the time the motion became ripe, it is nevertheless still in the discovery stage.  Further, because plaintiffs have sufficiently alleged that all putative class members are similarly situated under § 216(b) of the FLSA, certification of a conditional collective action including loan consultants, loan processors, and loan closers is appropriate for the purposes of providing notice of the action to all putative class members.  Under these circumstances, plaintiffs are entitled to specific discovery of the names and addresses of the putative class members.  *Vaszlavik v. Storage Tech. Corp.*, 15 F.R.D. 672, 681-82 (1997).  As such, **within 10 days of this order,** defendants shall provide plaintiffs the names and last known addresses of all persons whom COHL employed as loan consultants and all levels of loan processors, and loan closers from January 1, 2005 to the present.

-4-

Finally, plaintiffs Thomas Payne, Jim Schmidt, and Lety Ramirez, and their counsel, are

ordered to act as class representatives and counsel for the class of Loan Consultants; plaintiff

Channa Clemens and her counsel are to act as class representative and counsel for the class of

Loan Processors; and plaintiff Stephanie Smith and her counsel are to act as class representative

and counsel for the class of Loan Closers.

## 2. *Proposed Notice*

Plaintiffs attached proposed notices to its motions for conditional certification.

Defendants request that this court modify plaintiffs' proposed notices because they are

misleading.  Specifically, defendants first claim that plaintiff's June 29, 2004 date is improper

because COHL did not employ any of the putative class members until it acquired its predecessor

in February 2005.  As such, defendants argue that the earliest date in the notice should be January

2005 - present.  Plaintiffs seemingly agree to this change (Dkt. No. 145 p. 35).  Second,

defendants argue that plaintiffs' proposed notices provide only plaintiffs' views on the alleged

violations and the available damages, and that it should include a statement that COHL denies

any liability.  Specifically, defendants seek to add the following line to the end of the first

paragraph of Section 2: "COHL denies that it has violated the FLSA and is defending against

Plaintiffs' allegations.  Issuance of this notice does not constitute any determination of the

merits."   Third, defendants argue that plaintiffs' proposed notice should advise putative class

members that they may become subject to discovery in ways that absent class members in a

typical Rule 23 class action are not, which includes the possibility of responding to discovery

requests or giving deposition testimony.  Fourth, defendants request that because Section 7

includes language instructing the putative class to disregard comments made by COHL regarding

the merits of the litigation, that it should also include similar language concerning any statements by the plaintiffs regarding the merits of the case. Finally, defendants request that the information found in Section 8 should be moved to the beginning of the notice, namely that it is being issued by plaintiffs' counsel and that the court does not express an opinion on or in support of plaintiffs' claims.

Pursuant to the FLSA, the Court has the power and duty to ensure fair and accurate notice, yet should not alter plaintiffs' proposed notice unless such alteration is necessary. *Renfro v. Spartan Computer Servs., Inc.*, No. 06-2284, 2007 WL 2318889, at * 1 (D. Kan. Aug. 10, 2007). The plaintiffs note that while they do not accede to all the defendants' requests, they are confident the parties can work out mutually agreeable language (Dkt. No. 145). Given this confidence, the court directs the parties to submit jointly prepared notices within ten (10) days of this order. If the parties cannot reach an agreement, they are to submit their separate proposed notices to the court.

IT IS ACCORDINGLY ORDERED this 24th day of September, 2008, plaintiffs' motions to certify class conditionally under 216(b) of the FLSA for loan consultants and loan processors (Dkt. No. 48) and for loan closers (Dkt. No. 108) are granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE