## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS J. PAYSON,<br>LETY M. RAMIREZ,<br>CHANNA CLEMENS,<br>JIM SCHMIDT<br>STEPHANIE SMITH<br>On Behalf of Themselves and All Other<br>Similarly Situated,<br><br>     Plaintiffs,<br><br>   vs.<br><br>CAPITAL ONE HOME LOANS, LLC<br>a Delaware Corporation<br><br>     Defendant. | Case No. 07-2282-JTM |

### MEMORANDUM AND ORDER

Presently before the court is plaintiffs' motion to certify a class under Rule 23 for Count IV (Dkt. No. 110). For the following reasons, the court grants the motion.

### I. Factual Background

For the purposes of ruling on plaintiffs' motion, the Court accepts as true the following facts.

Plaintiffs allege various counts in their fifth amended complaint. Under Count IV, which is the subject of this motion, the Loan Consultant Plaintiffs attempt to bring a Rule 23 class action claim under the Kansas Wage Payment Act (KWPA), K.S.A. § 44-313 *et seq.*, particularly § 44-319(a), regarding money that was allegedly wrongfully withheld from their compensation.

The plaintiffs seeking status as class representatives for Count IV are Loan Consultants Thomas Payson, Lety Ramirez, and Jim Schmidt.

Defendant Capital One Home Loans (COHL) is located in Overland Park, Kansas, and provides mortgage products to customers seeking first or second mortgages, or home equity loans. Plaintiffs Payson, Ramirez and Schmidt were Loan Consultants at COHL, which required them to field phone calls from potential customers seeking loan products. Plaintiffs allege that COHL has two policies that wrongfully deduct money from the Loan Consultants' wages in violation of the KWPA. Further, plaintiffs argue that class certification is proper because, in part, the only question of law and fact is whether COHL's two policies violate the KWPA. Defendants respond that class certification is improper because the individualized nature of the inquiries regarding the two policies establishes that there is not a question of law or fact that is common to the putative class or that predominates over individual questions.

On February 18, 2005, Capital One purchased eSmartloan.com and became COHL. ESmartloan.com originated first and second lien mortgages funded by the National Bank of Kansas City. After the acquisition, COHL continued to employ many former eSmartloan.com employees, including those in the position of Loan Consultant.

Loan Consultants receive an annual base salary and commission based, in part, on the gross fee income (GFI) that they generate each month. The GFI is the amount of revenue generated by a loan and comprises both up-front fees earned when the loan is closed, and the back-end premiums and fees earned post-closing.

The details of Loan Consultants pay plan is set out, in part, in the section of the training manual entitled "Payroll and Commissions." Plaintiffs claim that two policies are improper: (1) The Manager's Pool; and (2) the Five Deductions.

From June 2005 through January 2008, new Loan Consultants were required to contribute a percentage of their commission to a "Managers' Pool" that was distributed evenly among the Sales Managers. Former eSmartloan.com Loan Consultants, however, were not subject to the Managers' Pool. Under the Managers' Pool policy, loan consultants were required to pay a portion of their earned commissions into a pool until they achieved $60,000 per month in GFI for three consecutive months. The Managers' Pool contribution was calculated as part of the new Loan Consultants' monthly commission, and was applied to the gross commission to determine the final net commission each month. Defendants claim that the Managers' Pool was designed to compensate the Managers who were responsible for supervising and training the new Loan Consultants. Plaintiffs allege that the required contribution violates the KWPA.

Plaintiffs also allege that five other deductions were improper under the KWPA including: (1) prior month pricing adjustment; (2) loan re-closes; (3) scratch and dent loans; (4) premium recapture; and (5) miscellaneous charges and adjustments. Defendants claim that Loan Consultants were expected to meet those five requirements in order to secure the maximum possible commission on the loans that they closed. If the Loan Consultant failed to meet any of these requirements, the commission would be subject to the five possible adjustments listed above, which were each part of the monthly commission calculation.

A prior-month pricing adjustment occurs when a Loan Consultant sold a loan with a back-end fee, and COHL did not receive that fee from the investor when COHL sold the loan. A

loan re-closes deduction occurs when the original loan had not been sold to an investor, and COHL did not make anything on the back end of the loan. Scratch and dent loan deductions occur when COHL cannot re-sell the a loan that was sold by a Loan Consultant because of a determination that the loan was unacceptable. A premium recapture deduction occurs when a loan is sold by COHL to an investor, and the customer on that loan decides to pay it off within 12 months. Finally, miscellaneous charges and adjustment deductions occur when a Loan Consultant is charged for fees that an appraisal company or notary company was not able to collect from the borrower/customer. If the borrower decides not to pay these fees, the Loan Consultant would be responsible and would be charged that amount against future compensation.

Plaintiffs argue that these five categories were not described in the Loan Consultant Training Manual. Defendants, however, argue that Loan Consultants are informed that these deductions may be part of their commission calculation during their initial training and at regular team meetings.

## II. Legal Standard for Class Certification

Federal Rule of Civil Procedure 23 sets forth the standards for certifying a class action, and requires that all four prerequisites of Rule 23(a) and at least one of the three requirements of Rule 23(b) are satisfied. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997); *In re Integra Realty Res., Inc.,* 354 F.3d 1246, 1262 (10th Cir. 2004). The trial court has broad discretion in determining whether to certify a class. *Rector v. City & County of Denver*, 348 F.3d 935, 949 (10th Cir. 2003). The trial court must perform a rigorous analysis of whether the proposed class satisfies the requirements of Rule 23. *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 155 (1982). The court should accept the allegations in the complaint as true, although it "need not blindly rely on

conclusory allegations which parrot Rule 23 requirements [and] may . . . consider the legal and factual issues presented by plaintiff's complaints." *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1290 n. 7 (10th Cir. 1999). Further, the court is to "remain focused on the requirements of Rule 23 rather than looking at the merits underlying the class claim. *In re Urethane Antitrust Litigation*, No. 04-1616, 2008 WL 4210780, at *2 (D. Kan. July 28, 2008) (citing *Shook v. El Paso County*, 386 F.3d 963, 971 (10th Cir. 2004)).

### III.  Analysis

Loan Consultant plaintiffs seek Rule 23 class certification under the KWPA.  Further, plaintiffs Thomas Payson, Lety Ramirez and Jim Schmidt seek status as class representatives. Defendants object, and claim that plaintiffs have failed to establish a question of law or fact that is common to the putative class or that predominates over individual questions, and thus they cannot satisfy the requirements of Rule 23.

Plaintiffs describe the proposed class as follows:

> All present or former Loan Consultants of Capital One Home Loans, L.L.C. who performed the job duties of Loan Consultant or performed the job duties of processing loan paperwork at the Defendant's location of business in Overland Park, Kansas and were paid compensation by Defendant under its uniform payment plan for said positions from the inception of this payment plan to the present and who had monies deducted from their compensation. (Fourth Amended Complaint, ¶67).

#### 1.  Rule 23 Requirements

Rule 23(a) requires a party to demonstrate that "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the

class." Fed. R. Civ. P. 23(a). If those requirements are met, the court "must then examine whether the action falls within one of three categories of suits set forth in Rule 23(b)." *Adamson v. Bowen*, 855 F.2d 668, 675 (10th Cir. 1988). In this case, plaintiffs claim certification is warranted under Rule 23(b)(3), which requires the court to evaluate whether a common question of law or fact predominates over individual questions and then determine whether a class action is the superior method to adjudicate plaintiffs' claims. *Gieseke v. First Horizon Home Loan Corp.*, No. 04-2511, 2007 WL 424188, at *1 (D. Kan. Feb. 6, 2007).

### A. Numerosity

Rule 23(a)(1) requires the proposed class to be so numerous that joinder of all members would be impracticable. To satisfy this requirement, the plaintiffs need to show that the joinder of all partes is impracticable, although they need not show that it would be impossible. *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006). This is a fact specific inquiry, and there is no set formula for determining if the class is so numerous that it should be certified. *Id.*

Here, plaintiffs argue that the defendants' data provides that there are currently 265 Loan Consultants, which they claim meets the numerosity requirements. Defendants seemingly do not contest this assertion, and thus the numerosity requirement is satisfied.

### B. Commonality

Rule 23(a)(2) requires some question of law or fact common to the class. To meet this requirement, members of a putative class must "possess the same interest and suffer the same injury." *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982). The threshold for commonality is not high, and does not require that class members share every factual and legal predicate. *Thompson v. Jiffy Lube Intern., Inc.*, 250 F.R.D. 607 (D. Kan. 2008).

Plaintiffs argue that there is simply one question of law, and that is it is common to the class of Loan Consultants: Do COHL's two policies violate the KWPA?  Plaintiffs further argue that all Loan Consultants would have an interest in whether these two policies violate the KWPA, and that they all suffered the same type of injury.  Defendants counter that plaintiffs' framed issue would require this court to examine the nature and application of each of the five Commission Adjustments and the Managers' Pool to determine whether these policies are an integral part of COHL's commission formula.  Additionally, defendants argue that the policies in question do not apply to or affect all of the Loan Consultants, because some Loan Consultants have never received any of the five adjustments.

This court is not swayed by defendants arguments.  Although some degree of individual inquiry would be necessary to determine the amount of damages incurred, the actual legal question is common to all Loan Consultants.  If it is determined that the policies did in fact violate the KWPA, then an individualized inquiry would need to take place, but only to determine damages.  As such, plaintiffs have met their burden on the commonality requirement.

### C.  Typicality

Rule 23(a)(3) requires that "the claims and defenses of the representative parties are typical of the claims or defenses of the class."  A class representative must possess the same interest and suffer the same injury as the class members.  *Thompson*, 250 F.R.D. at 610.  Typicality determines whether a sufficient nexus exists between the claims of the named plaintiffs and the class.  *Id.*  Claims need not be identical to be typical.  *Zapata v. IBP, Inc.,* 167 F.R.D. 147, 160 (D. Kan. 1996).  "[D]iffering fact situations of class members do not defeat

typicality . . . so long as the claims of the class representative and class members are based on the same legal or remedial theory." *Adamson v. Bowen*, 855 F.2d 668, 675 (10th Cir. 1988).

Here, plaintiffs argue that the class representatives and all the other Loan Consultants were affected by COHL's practice and policy of deducting money, and that the legal claim and remedy under the KWPA regarding COHL's two policies is the same for all Loan Consultants who had money deducted. Additionally, plaintiffs argue that there are no interests of the class representatives that would be agnostic toward any member of the class. In response, defendants reiterate their argument regarding the individualized nature of the issues before the court. Specifically, defendants argue that the whole issue of whether the deductions were impermissible will turn on whether the Loan Consultants authorized each adjustment. Again, the court finds that the over-riding question is simply whether the deductions were improper. Only if that question is answered affirmatively will individualized inquiries become reality, and such a determination would only assess the damages. In essence, defendants raise issue with the extent of a possible injury, while the court is more concerned about whether there was a violation or not. As such, plaintiffs have met the typicality requirement.

### D.  Adequacy of Representation

Rule 23(a)(4) requires that the representative party fairly and adequately protect the interests of the class. To satisfy this requirement, the plaintiffs must show that their interests are aligned with those of the persons they seek to represent, and that they will vigorously prosecute the case through qualified counsel. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187-88 (10th Cir. 2002). Plaintiffs argue that they will adequately represent the class because all three Loan Consultant representatives had money deducted from their compensation under

COHL's two policies. Additionally, they argue that there are no known conflicts of interest. Finally, plaintiffs argue that their counsel have extensive experience in practicing employment law and class action claims. This court is satisfied with plaintiffs' representations, and finds that plaintiffs have met the fourth requirement.

Having found that the four Rule 23(a) requirements are met, it is not necessary to determine whether plaintiffs have also met their requirements under Rule 23(b)(3).

### E.  Rule 23(b)(3)

To certify a class under Rule 23(b)(3), the court must find that common questions "predominate over questions affecting only individual members" and that the class resolution is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997). "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.*, 521 U.S. at 623. To determine whether the question is common or individual, the nature of the evidence must be examined. *In re Urethane Antitrust Litigation*, No. 04-1616, 2008 WL 4210780, at *5 (D. Kan. July 28, 2008). "If the proposed class members will need to present evidence that varies from member to member in order to make out a prima facie case, then it is an individual question. If, on the other hand, the same evidence will suffice for each member to make out a prima facie case, then it is a common question." *Id.* (internal citations omitted).

Plaintiffs argue that the only legal issue in this matter is whether COHL's two policies violate the KWPA. Further, plaintiffs argue that the only relevant evidence to determine this issue surrounds COHL's two written policies on deductions and their application to Loan

-9-

Consultants' compensation. Defendants reiterate the same arguments addressed above, and state that the legal issues will in fact be individualized and fact intensive. As the court has stated previously, defendants' arguments go to damages, and not certification. As such, defendants' argument is not convincing.

Finally, plaintiffs must show that a class action is the superior method of resolving the claims to insure that there is no other available method of handling the litigation which would have greater practical advantage. Defendants rely on cases outside the circuit to argue that a class action is not the superior method for adjudicating class-wide wage claims where there is a FLSA collective action. Additionally, defendants raise concerns about possible confusion that could ensue with the dual litigation of an FLSA claim in other counts, and a class action in Count IV. Nonetheless, the court is confident that any confusion that could possibly occur can be clarified by the class counsel. Further, due to the large number of potential class members and the commonality of the claims, this court determines that a class action is the superior method of resolving the matter.

## IV.  Conclusion

Accordingly, plaintiffs have met the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) regarding their claims asserted under the KWPA in Count IV of the Fourth Amended Complaint. Therefore, this court certifies a class composed of all Loan Consultants from COHL employed from June 29, 2004 to the present who had money deducted from their compensation under defendants' Managers' Pool policy, and the policy allowing five areas of deduction. Additionally, Thomas Payson, Lety Ramirez, and Jim Schmidt are to be the class representatives, and Plaintiffs' counsel are to act as class counsel in this matter. *See* Fed. R. Civ. P. 23(c)(2)(B).

IT IS ACCORDINGLY ORDERED this 16th day of October, 2008, plaintiffs' motion to certify class under Rule 23 for KWPA Claims (Dkt. No. 110) is granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
