# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **THOMAS J. PAYSON, et al.** ) | |
| ) | |
| On Behalf of Themselves and ) | |
| All Others Similarly Situated, ) | |
| ) | |
| Plaintiffs, ) | Case No. 07-CV-2282-DWB |
| ) | |
| v. ) | |
| ) | |
| **CAPITAL ONE HOME LOANS, LLC,** ) | |
| **et al.** ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING APPROVAL OF FLSA SETTLEMENT

WHEREAS:

      A.    On March 26, 2009, the named Plaintiffs Thomas J. Payson, Jim Schmidt, Lety Ramirez, Channa Clemens, and Stephanie Smith in the above-captioned action (the "Litigation"), individually and as Collective Action Representatives, and Defendants Capital One Home Loans, LLC and Capital One Services, Inc. (now known as Capital One Services, LLC), by their respective counsel of record, presented before this Court for approval a Confidential Settlement Agreement and Release ("Agreement") and supporting memoradum;

      B.    This Court has duly considered representations and all of the submissions presented with respect to the Agreement addressing the collective class claims asserted in the Litigation under the Fair Labor Standards Act ("FLSA");

      C.    All capitalized terms in this Order with respect to the Agreement addressing the collective class claims asserted under FLSA that are not otherwise defined have the same meaning as in the Agreement;

NOW THEREFORE, after due deliberation, this Court hereby ORDERS that:

1. This Order ("FLSA Approval Order") will be binding on the FLSA Collective Class Members who become FLSA Qualified Claimants as defined in the Agreement.

2. The Agreement is fair, reasonable and adequate, is in the best interests of the FLSA Collective Class Members, should be, and hereby is, approved, especially in the light of the benefits to the FLSA Collective Class Members accruing therefrom, the substantial discovery and investigation conducted by Class Counsel prior to the proposed Settlement, and the complexity, expense, risks and probable protracted duration of further litigation.

3. The FLSA Notice proposed by the Parties fully and accurately informs the FLSA Collective Class Members of all material elements of the Litigation and the Agreement.

4. Within twenty (20) days after entry of this Order, the Claims Administrator shall mail such FLSA Notice and FLSA Opt-In Settlement Consent Form by First Class mail to the last known addresses of each FLSA Collective Class Member. FLSA Collective Class Members must exercise their right to opt-in to the Settlement within forty-five (45) days of the mailing or other distribution of the Notice.

5. This Litigation is hereby dismissed in its entirety, on the merits, as against Defendants Capital One Home Loans, LLC and Capital One Services, Inc. (now known as Capital One Services, LLC), with prejudice, and without costs to any party, except to the extent otherwise expressly provided in the Agreement. This Court intends this FLSA Approval Order to be "Final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

6. All FLSA Qualified Claimants shall conclusively be deemed for all purposes to be permanently barred from commencing, prosecuting, or otherwise maintaining in any court or forum any action against the Released Parties any and all FLSA Released Claims.

7.  The court has reviewed the Confidential Settlement Agreement (Doc. 349) (Sealed) and the Motion for Approval of the Confidential Settlement Agreement and Release and for Attorneys' Fees & Costs with Supporting Memorandum (Doc. 350) (Sealed).  As to the request for attorneys' fees, Plaintiffs' counsel requests approval of a fee of  40% of the settlement amount, noting however, that counsel will bear all further administrative costs and expenses necessary to fully implement the settlement.  (Doc. 350 at 12-20) (Sealed).

The court agrees with counsel that the preferred method for awarding fees in this case is the common fund approach rather than the lodestar approach.  Rosenbaum v. MacAllister, 64 F.3d 1439, 1445 (10th Cir.1995).   In considering the reasonableness of a requested fee, the court must consider several factors that have been identified by the courts.  Rosenbaum v. MacAllister, 64 F.3d 1439, 1445 at n. 3,  *citing*  Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974) (listing twelve factors for consideration).  These factors are not exclusive and some may or may not be applicable in a particular case.

Each of the first eleven Johnson factors either support the requested fee allowance in this case or are not particularly relevant to the facts of this case: (1) the time and labor required to resolve the case was substantial, (2) the issues presented were difficult, (3) the skill demonstrated by counsel in performing the services was admirable, (4) because the firms representing plaintiffs were small in size, this case precluded other employment, (5) the customary fee arrangement in these FLSA cases is by contingent fee agreements, (6) the fee arrangement in this case was the contingent fee now being requested and this arrangement was with both the original named plaintiffs and with the later opt-in plaintiffs, (7) there were no specific time limitations imposed by the clients therefore this is irrelevant, (8) the amount involved and the results obtained were fair and reasonable, (9) the experience of plaintiffs' counsel in this area is substantial, (10) the case cannot be considered as "undesirable" in nature therefore this is not relevant, and (11) the nature and length of the professional relationship with

the clients is not relevant. The court does have some concern, however, about the twelfth Johnson factor, awards in similar

It appears to the court that the request for a 40% contingent fee is at the upper level of fees previously awarded by our court in similar cases. McGill v. Ottawa, 773 F.Supp 1473 (D. Kan. 1991) (Saffels, J.) is cited by Plaintiffs (Doc. 350 at 20) (sealed) as allowing a 40% contingent fee. That is not the case. Judge Saffels cut that fee to an award of 33 1/3% and provided that a prior retainer fee had to be applied against that fee. 773 F.Supp. at 1476 ("Finally, the court finds that the contractual provision that plaintiff's attorneys be paid 40 percent of any recovery prior to the pretrial conference is excessive . . . The court finds that a 33.33 percent recovery would be more reasonable in view of the forgoing."). The court notes, however, that McGill was decided more than 17 years ago, and fees have changed during the intervening period of time.

The only other Kansas case cited by Plaintiffs (Doc. 350 at 19) for allowing a 40% fee is Hammond v. Lowe's Home Centers, Case No. 02-2509-CM (D. Kan. Sept 29, 2006). Counsel have stated that the fee allowed in that case was of 42.42% of the recovery. The court has reviewed the sealed settlement agreement in that case and notes one difference from the present case. In Hammond, it appears that the Defendants paid the attorneys fee rather than it being merely a contingent fee arrangement. Therefore, since the parties had agreed that the fee was reasonable, no significant discussion of reasonableness appears in the Order approving the settlement and the fees. In the present case, Defendants' counsel likewise does not object to the fee requested, but that is not as relevant here where the fee is a contingent one taken from the common fund rather than a fee being paid directly by the opposing party.

Plaintiffs' counsel have provided the court with supplemental citations to cases from other jurisdictions that have awarded fees equal to or in excess of 40% of the amount recovered, both in FLSA cases and other types of cases. The larger awards cited were from New York and

the District of Columbia where fees generally are higher in amounts, and the court does not find them particularly helpful in assessing the fee award in this case.  Four other FLSA cases were cited, three of which allowed fees in excess of 40%, but only one of these cases identified the jurisdiction involved (Pennsylvania), and they also are not considered either binding or persuasive.

Even where the fee request is to be determined using the common fund approach, courts often check the reasonableness of a fee request by applying the lodestar approach.  *See e.g.*, In re Sprint Corp. ERISA Litigation, 443 F. Supp. 2d 1249, 1271 (D. Kan. 2006) (noting that a 16% percentage fee based on the amount of recovery would only result in a lodestar multiplier of only 1).   Here, the parties acknowledge that the requested fee would result in a lodestar multiplier between 3 and 4. That suggests to the court that the requested fee is at the upper end of the range of reasonable fees that would be allowable.

Although the fee request is at the high end of other awards allowed in similar cases in this district, the court finds that under the particular circumstances of this case it is a reasonable fee request and should be approved.  Plaintiffs in this case have agreed to the requested percentage fee, and from the nature of their employment it appears that they are individuals who are familiar with financial matters, and there is no allegation that they did not understand the agreement they were signing.  Also, the individual Plaintiffs will be receiving a fair and reasonable cash settlement even after deduction of the requested fee.  Unlike some other types of class settlements, this settlement does not involve coupons or certificates for purchase discounts or other future deductions, but results in a cash settlement for the individual Plaintiffs.  The case has been hard fought and counsel have performed their responsibilities with diligence and expertise particularly since both of the firms are not large in size and the nature of the case has required a substantial involvement of their time and effort.  Finally, counsel have committed to bear all of the administrative costs necessary to conclude the settlement and make the required

settlement payments to the appropriate parties.

While the court does approve the requested fee in this case, it does so with the express admonition that this award should not be used in future cases as evidence that a 40% fee is *per se* reasonable. Furthermore, while the court approves the fee in this FLSA case, it is not bound by this finding in connection with the fee request in the pending settlement of the KWPA Rule 23 class claims in this case.

8. Without affecting the finality of this FLSA Approval Order, this Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation and enforcement of this FLSA Approval Order. In addition, without affecting the finality of this FLSA Approval Order, this Court retains jurisdiction over Defendants, Named Plaintiffs and each FLSA Qualified Claimant for the purpose of enabling any of them to apply to the Court for such further orders and directions as may be necessary or appropriate for the construction and implementation of the terms of the Agreement and this FLSA Approval Order. Defendants, the Class Representatives, and each FLSA Qualified Claimant are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute relating to this FLSA Approval Order or the Agreement, except to the extent required by the Settlement for resolution in a different forum.

9. The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order of Approval.

**IT IS SO ORDERED.**

Dated this 26th day of March, 2009 at
Wichita, Kansas.

          s/   DONALD W. BOSTWICK
          Donald W. Bostwick
          United States Magistrate Judge