### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS
### AT KANSAS CITY

| | |
|---|---|
| **THOMAS J. PAYSON, et al.** ) <br> ) <br> On Behalf of Themselves and ) <br> All Others Similarly Situated, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> **CAPITAL ONE HOME LOANS, LLC,** ) <br> **et. al.** ) <br> ) <br>     Defendants. ) | Case no.: 07-CV-2282-JTM/DWB |

### ORDER DETERMINING GOOD FAITH
### AND GRANTING FINAL APPROVAL OF KWPA SETTLEMENT

**WHEREAS**:

    A.    On February 24, 2009, the named Plaintiffs Thomas J. Payson, Jim Schmidt, and Lety Ramirez in the above-captioned action (the "Action"), individually and as Class Representatives, and Defendants Capital One Home Loans, LLC and Capital One Services, Inc., by their respective counsel of record, executed and filed with this Court a Stipulation of Confidential Settlement Agreement and Release ("Agreement") (Doc. 344);

    B.    On December 12, 2008, the parties consented to have a U.S. Magistrate Judge conduct all proceedings in this case including the trial, any order of entry of a final judgment, and to conduct all post-judgment proceedings (Doc. 331);

2

      C.      The Court has duly considered all of the submissions presented with respect to the Agreement addressing the class claims asserted under the Kansas Wage Payment Act ("KWPA");

      D.      All capitalized terms in this Order Determining Good Faith and Granting Final Approval of KWPA Settlement with respect to the Agreement addressing the class claims asserted under KWPA that are not otherwise defined have the same meaning as in the Settlement Agreement;

      E.      On February 27, 2009, this Court entered an Order Determining Good Faith and Granting Preliminary Approval of KWPA Settlement (Doc. 345);

      F.      On June 23, 2009, this Court held a "fairness hearing" regarding this KWPA settlement pursuant to the terms of the Agreement and notice issued thereunder.  Counsel for Plaintiffs and Defendants attended this hearing.  Class members were provided an opportunity in the notice to either attend this fairness hearing in person after providing proper notice, or by providing to the Court any written objections to the terms of the KWPA settlement agreement.  No class members were present at the hearing, and the Court has not received any written objections to the KWPA settlement from class members.

      G.      The Court has been provided affidavits regarding the processing of the notice of class claims executed by the designated claims administrator, A.B. Data, Inc. (Doc's 354, 357, 358 [Sealed] and 360).

**NOW THEREFORE**, after due deliberation, this Court hereby ORDERS that:

      1.      This Order Determining Good Faith and Granting Final Approval of KWPA Settlement will now be final on the KWPA Class members.

2. The Agreement is fair, reasonable and adequate, is in the best interests of the KWPA Class members and should be finally approved, especially in the light of the benefits to the KWPA Class members accruing therefrom, the substantial discovery and investigation conducted by Class Counsel prior to the proposed Agreement, and the complexity, expense, risks and probable protracted duration of further litigation.  The Court has reviewed the terms and conditions of the Agreement, including the monetary relief provisions, the plan of allocation, the release of claims, and the parties' detailed description of the settlement regarding the KWPA claims, and the administration data provided in A.B. Data, Ltd.'s affidavits.  Based on these papers and the Court's familiarity with this case, the Court finds that the proposed Agreement is the result of extensive, arms-length negotiations between the parties after Class Counsel and Defendants' counsel had fully investigated the claims and become familiar with the strengths and weaknesses of the claims of the Named Plaintiffs and the KWPA Class.  The assistance of an experienced mediator and the length of the mediation process supports that the settlement is not collusive.  Based on all these factors, the Court finds that the proposed Agreement has no obvious defects and is within the reasonable range of possible settlement approval such that notice to the KWPA Class is appropriate.

3. The Court finds that the Agreement satisfies all the requirements for certification under Rule 23(b)(3).  Specifically, the class is sufficiently numerous that joinder is impracticable, and a class action is superior to any other available method for fairly and efficiently adjudicating the controversy in this case.  The members of the KWPA Class share common issues of fact and law, which predominate over any questions that might affect only individual members.  The Named Plaintiffs claims are typical of those of the class since they arise out of the same policies and practices and course of conduct of which all KWPA Class

3

members complain.  Named Plaintiffs are adequate representatives of the class since their interests are co-extensive with those of the KWPA Class members and are not in conflict with them.  Named Plaintiffs have also retained experienced counsel to represent the class.  Questions of law and fact common to the class predominate over individualized issues, and class treatment is a superior way to fairly and efficiently adjudicate this controversy.

        4.      The court has reviewed the notice to class members which was employed in this case as evidenced by the affidavits of the entity serving such notices.  The court finds that the notice used in this case is the best notice that is practicable under the circumstances, that notice has been given to all members who can be identified through reasonable effort, and that the form of the notice is in clear and concise language.

        5.      The court has reviewed an affidavit provided by the claims administrator A.B. Data, Ltd. (Doc. 360), regarding the notice requirements pursuant to Section 1715 of the Class Action Fairness Act (28 U.S.C. § 1715), and finds that sufficient notice has been provided in order to meet this requirement.

        6.      As to the request for attorneys' fees, Plaintiffs' counsel now requests approval of a fee of 33.33% of the settlement amount (Doc. 335 at 6), noting that the Settlement Agreement provided for a larger fee equal to 40% of the settlement amount. *See* Doc. 344 at 7. The court agrees with counsel that the preferred method for awarding fees in this case is the common fund approach rather than the lodestar approach.  <u>Rosenbaum v. MacAllister</u>, 64 F.3d 1439, 1445 (10th Cir.1995).   In considering the reasonableness of a requested fee, the court must also consider several factors that have been identified by the courts.  <u>Rosenbaum v. MacAllister</u>, 64 F.3d 1439, 1445 at n. 3, *citing* <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974) (listing twelve factors for consideration).  These factors are not

exclusive and some may or may not be applicable in a particular case. The court has reviewed the <u>Johnson</u> factors and finds that they either support the requested fee allowance in this case or are not particularly relevant to the facts of this case. Finally, even where the fee request is to be determined using the common fund approach, courts often check the reasonableness of fee request by applying the lodestar approach. *See e.g.*, <u>In re Sprint Corp. ERISA Litigation</u>, 443 F. Supp. 2d 1249, 1271 (D. Kan. 2006). After considering the fee request by counsel as to the present settlement, and matters previously considered in connection with the settlement of the FLSA claims, the court concludes that the requested fee of 33.33% of the settlement amount is within the range of reasonable fees that would be allowable and should be approved. Therefore, Class counsels' request for attorney's fees and costs set forth in the amount described in the Settlement Agreement, and addressed in Plaintiff's *Motion for Order of Final Approval of the KWPA Class Action Settlement, Attorney's Fees & Costs,* is hereby APPROVED.

7. Payment of the settlement proceeds as set forth in the Stipulation of Confidential Settlement Agreement and Release shall be made pursuant to the terms of that Agreement and is hereby APPROVED.

8. The claims asserted by the Named Plaintiffs, on behalf of the putative class members as certified by this Court in its prior order, against the Defendants in this matter are hereby DISMISSED WITH PREJUDICE with all parties to bear any respective costs not addressed in the Stipulation of Confidential Settlement Agreement and Release for Kansas Wage

Payment Act Class Action Claim. (Doc. 344).

    **IT IS SO ORDERED.**

Dated this 24th day of September, 2009 at Wichita, Kansas.

                                          s/ DONALD W. BOSTWICK
                                          Donald W. Bostwick
                                          United States Magistrate Judge